IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICIA BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>HEARSHE KEMP LLC,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:12-cv-802 |

Plaintiff Patricia Bailey filed her Complaint against Defendant Hearshe Kemp LLC on August 16, 2012. Because the Defendant failed to file a timely answer or a responsive pleading, the Clerk of the Court entered default against Hearshe Kemp on November 21, 2012.

Ms. Bailey now moves the court to enter default judgment and to award the following damages: a) $1,000 for statutory damages under the Fair Debt Collection Practices Act (FDCPA); b) $9,000 or more for the illegal invasion of Ms. Bailey's privacy by intrusion upon seclusion; c) $2,893.50 for attorneys' fees; and d) $392 for costs. In an Order dated February 14, 2013 (Dkt. No. 15), the court invited Ms. Bailey either to submit briefing explaining why she was entitled to a jury trial on the issue of damages or to submit additional information detailing her actual damages that resulted from Hearshe Kemp's behavior. Ms. Bailey chose to submit a declaration in support of her requested damages. (Dkt. No. 17.)

When the court enters default judgment, the facts alleged in the complaint are taken as true. *See Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 459 (D.N.M. 2011)

("After entering default judgment, the court takes all of the well-pleaded facts in a complaint as true."). As a result, the court finds that Hearshe Kemp willfully and persistently harassed Ms. Bailey in violation of the FCDPA. For this reason, the court awards Ms. Bailey $1,000 for statutory damages, which is the maximum amount allowable under the statute. *See* 15 U.S.C. § 1692k.

The FDCPA also permits a plaintiff to recover actual damages. *See id.* The court, however, does not find sufficient grounds to award actual damages here. Although Hearshe Kemp willfully harassed Ms. Bailey in violation of federal law, the court cannot award damages based on speculative and unclear reasons. *See Archer v. Eiland*, 64 Fed. App'x 676, 682 (10th Cir. 2003) ("Alleged damages are not recoverable if they are too conjectural or too speculative to form a basis for measurement."). In her declaration, Ms. Bailey did not provide adequate information for the court to find any actual damages. Although Ms. Bailey claimed that she missed job opportunities as a result of Hearshe Kemp's behavior, she did not provide any details as to the nature of those jobs and the amount of potential income she lost. In sum, Ms. Bailey has not presented enough evidence to show that she has suffered actual damages.

The court also finds that Hearshe Kemp unlawfully invaded Ms. Bailey's privacy. But given Ms. Bailey's failure to provide adequate information for the court to award actual damages, the court will award only nominal damages of $1.00 for this cause of action.

Finally, the court finds that it is appropriate to award attorneys' fees and costs under the FDCPA in this case. Ms. Bailey's attorney provided the court with an affidavit detailing these fees and costs, and the court finds that they are reasonable.

For the reasons stated above, the court enters default judgment against Hearshe Kemp and GRANTS the following relief:

      a. $1,000 for statutory damages under the FCDPA;

      b. $1.00 for nominal damages for the invasion of privacy claim;

      c. $2,983.50 for reasonable attorneys' fees; and

      d. $392 for reasonable costs.

In total, the court awards Ms. Bailey $4,376.50. The court directs the Clerk of the Court to enter judgment in this amount and to close the case.

    SO ORDERED this 27th day of March, 2013.

                BY THE COURT:

                _____
                ROBERT J. SHELBY
                United States District Judge